UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| KARRIE MULLIKIN, | ) |  |
|---|---|---|
| *Plaintiff*, | ) |  |
|  | ) |  |
|  | ) |  |
| *vs*. | ) | 1:13-cv-01390-JMS-TAB |
|  | ) |  |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., | ) |  |
| *Defendant*. | ) |  |

## ORDER

This action was brought by Plaintiff Karrie Mullikin under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. Presently pending before the Court is Defendant Portfolio Recovery Associates, LLC's ("PRA") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Dkt. 10.] For the reasons that follow, PRA's Motion to Dismiss is **DENIED**.

## I.
## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A complaint will likely be found sufficient under the plausibility requirement if it gives "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). Alternatively, a plaintiff's claim will be found insufficient if he "plead[s] facts that show that he has no legal claim." *Atkins v. City of Chicago,* 631 F.3d 823, 832 (7th Cir. 2011). When evaluating the sufficiency of a complaint for the purposes of a motion to dismiss, the Court must "construe [the complaint] in the light most favorable to the nonmoving party, accept well-pleaded facts as true,

and draw all inferences in [the non-movant's] favor." *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 763 (7th Cir. 2010).

## II.
## BACKGROUND

As required by the standard of review, the Court draws the relevant facts from Ms. Mullikin's Complaint. Ms. Mullikin incurred a debt that was primarily for personal, family, or household purposes from JC Penney/GE Capital Retail Bank. [Dkts. 1-2 at 1; 1-3 at 1.] After defaulting on her debt, the debt was transferred to PRA, a debt collection agency. [Dkts. 1-2 at 1; 1-1 at 1.] On October 11, 2012, PRA sent Ms. Mullikin a dunning letter specifying $2,100.41 as the balance owed. [Dkt. 1-3 at 1.] The letter also indicated "[i]nterest continues to accrue on this account until the account is satisfied." [*Id.*]

On May 29, 2013, Ms. Mullikin filed for Chapter 13 bankruptcy protection. [Dkt. 1-4 at 3.] PRA filed a proof of claim form with the bankruptcy court on August 22, 2013, denoting that Ms. Mullikin owed $2,099.49. [*Id.* at 1-2.] On its proof of claim form, PRA left a checkbox unmarked, which it could have checked if it wanted to signify that "the claim includes interest or other charges in addition to the principal amount of the claim." [*Id.* at 1.]

Ms. Mullikin filed this action against PRA alleging it violated the FDCPA by misrepresenting to her in its October 11, 2012, dunning letter that interest would continue to accrue. [Dkt. 1 at 3-4.] In response, PRA moved to dismiss Ms. Mullikin's Complaint. [Dkt. 10.]

## III.
## DISCUSSION

Ms. Mullikin claims that PRA violated two provisions of the FDCPA. First, PRA misrepresented to her that interest would continue to accrue on her debt despite it never

2

intending to actually collect interest. [Dkt. 1 at 4.] Second, PRA misrepresented the amount of debt owed by falsely representing that interest would continue to accrue. [*Id*.] For its part, PRA argues that Ms. Mullikin's claims must fail because PRA's decision not to request collection on both the principal and interest on its proof of claim form does not mean that Ms. Mullikin never actually owed interest on the debt or that PRA misrepresented that interest would continue to accrue in its dunning letter. [Dkt. 11 at 4-5, 7-8.]

Congress passed the FDCPA to "eliminate abusive debt collection practices." 15 U.S.C. § 1692(e). Under the FDCPA, debt collectors are held civilly liable for violating certain prohibited debt collection practices. *See* 15 U.S.C. § 1692k. Two such prohibited practices are "[t]he threat to take any action that . . . is not intended to be taken," 15 U.S.C. § 1692e(5), and "[t]he false representation of the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A).

The parties both erroneously focus on what PRA's proof of claim form proves with respect to the veracity of PRA's statement in the dunning letter that interest would continue to accrue. Irrespective of the proof of claim, Ms. Mullikin's allegations alone are sufficient to state an FDCPA claim. In her complaint, Ms. Mullikin alleges PRA sent a dunning letter in October 2012 stating that "interest continues to accrue on this account until the account is satisfied." [Dkt. 1 at 3.] Further, Ms. Mullikin alleges that PRA violated the FDCPA because its representation regarding the continued accrual of interest was false. [*Id*. at 4.] If Ms. Mullikin's allegations are true—which, at this stage, they must be taken as such—she adequately alleged an FDCPA claim.

The proof of claim form does not alter the Court's conclusion. In her complaint, Ms. Mullikin alleges PRA filed a proof of claim with the bankruptcy court that "states no interest has

accrued" on the debt, in contradiction with the October 2012 dunning letter that specifically states interest will continue to accrue. [Dkts. 1 at 3; 1-4 at 1.] PRA argues that excluding interest from its proof of claim form is not evidence that no interest has accrued or that interest did not continue to accrue on the loan. [Dkt. 11 at 5.] In response, Ms. Mullikin argues PRA's exclusion of interest on the proof of claim contradicts PRA's threat in the dunning letter that it will collect the principal and continually accruing interest on the loan. [Dkt. 17 at 10.] PRA replies that Ms. Mullikin misconstrues its proof of claim form as evidence that interest was never owed because the proof of claim form is specifically designed to "allow[] a creditor to make a claim for only the principal amount of debt," regardless of whether interest is owed, by letting a creditor indicate by marking a checkbox whether the requested amount includes interest. [Dkt. 18 at 2.]

The Court need not delve into this dispute at this stage of the litigation. Even if the Court accepts PRA's construction of the proof of claim form, it does not disprove or make it any less plausible Ms. Mullikin's allegations that the dunning letter falsely states that interest will continue to accrue. Put differently, while the proof of claim form very well may be consistent with the dunning letter's statement that interest will continue to accrue, it does not prove that it actually accrued. Therefore, it does not undermine Ms. Mullikin's allegations that the dunning letter falsely stated interest continued to accrue.

The Court might reach a different result were this a motion for summary judgment and PRA had provided undisputed evidence that interest continued to accrue on the loan. If PRA produced, for example, an original contract stating interest would continually accrue on the principal debt owed, then PRA might be entitled to summary judgment. As it stands, however, PRA has filed a motion to dismiss, and the allegations in Ms. Mullikin's Complaint, taken as

true, state a plausible claim under the FDCPA. Accordingly, PRA's Motion to Dismiss must be denied.

## IV.
## CONCLUSION

For the reasons explained, Defendant's Motion to Dismiss, [Dkt. 10.], is **DENIED.**

02/11/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to:**

David M. Schultz
HINSHAW & CULBERTSON
dschultz@hinshawlaw.com

Avanti Deepak Bakane
HINSHAW & CULBERTSON, LLP
abakane@hinshawlaw.com

Michael Anthony Eades
JOHN STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com